09-1174-cr
United States v. Aine

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of July, two thousand ten.

PRESENT:  REENA RAGGI,
  GERARD E. LYNCH,
  DENNY CHIN,
  *Circuit Judges.*

----------------------------------------------------------------------
UNITED STATES OF AMERICA,
  *Appellee,*


  v.                                                     No. 09-1174-cr

JEAN AINE,
  *Defendant-Appellant.*
----------------------------------------------------------------------

APPEARING FOR APPELLANT:    ROBERT A. CULP, Garrison, New York.

APPEARING FOR APPELLEE:    SARAH P. KARWAN, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Nora R. Dannehy, United States Attorney for the District of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on March 13, 2009, is AFFIRMED in part, VACATED in part, and REMANDED for resentencing by a different district judge.

Jean Aine appeals from a judgment convicting him, upon a guilty plea, of one count of bank fraud in violation of 18 U.S.C. § 1344, and sentencing him principally to 18 months' imprisonment, 5 years' supervised release, and restitution in the amount of $53,392.96. On appeal, Aine submits that both his plea and sentencing failed to comport with due process.[1] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.      Validity of Aine's Guilty Plea

Aine contends that his plea was not knowing and voluntary as required by Fed. R. Crim. P. 11. See Zhang v. United States, 506 F.3d 162, 168 (2d Cir. 2007) (recognizing Rule 11 as setting forth requirements for knowing and voluntary guilty plea). In particular, he submits that (1) the plea lacked an adequate factual basis; (2) he was not adequately advised as to the sentencing consequences of his plea; and (3) he lacked confidence in counsel and adequate time to make a plea decision.

Because Aine did not challenge his guilty plea in the district court, we review his arguments for plain error. See Fed. R. Crim. P. 52(b); United States v. Vaval, 404 F.3d 144,

_____

[1] In his reply brief, Aine sought to withdraw his plea challenge when the government conceded that the case should be remanded for resentencing. However, we deny the request to withdraw without prejudice to Aine's ability to challenge the validity of his plea on factual grounds other than those raised in his brief.

2

151 (2d Cir. 2005). Aine must identify an error that is plain and affects not only substantial rights, but also "the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks omitted). He must also establish that there is "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Aine's challenge fails at the first step of analysis, i.e., he fails to demonstrate error.

    a.  Factual Basis for Aine's Plea

Aine contends that his guilty plea lacked the "factual basis" mandated by Fed. R. Crim. P. 11(b)(3). In identifying a factual basis for a plea, a district court may rely on "any facts on the record at the time of the plea proceeding." United States v. Adams, 448 F.3d 492, 499 (2d Cir. 2006). In short, the factual basis for a plea "need not be drawn directly from the defendant. The judge may look to answers provided by counsel for the defense and government, the presentence report, or whatever means is appropriate in a specific case." United States v. Smith, 160 F.3d 117, 121 (2d Cir. 1998) (alteration, citation, and internal quotation marks omitted); see also United States v. Maher, 108 F.3d 1513, 1524-25 (2d Cir. 1997).

Applying these principles to this case, we easily conclude that the record supported Aine's guilty plea to bank fraud. To prove bank fraud, the government must establish that the defendant "(1) engaged in a course of conduct designed to deceive a federally chartered or insured financial institution into releasing property; and (2) possessed an intent to victimize the institution by exposing it to actual or potential loss." United States v. Crisci,

3

273 F.3d 235, 239-40 (2d Cir. 2001) (internal quotation marks omitted). In this case, the plea agreement pursuant to which Aine pleaded guilty contained a signed stipulation of offense conduct in which Aine and the government agreed that (1) at all relevant times, the Navy Federal Credit Union ("Credit Union") was a federally insured financial institution; (2) from October 2006 through May 2008, Aine "obtained certain United States Treasury checks which were federal income tax refund payments, a number of which had been stolen," and "provided th[ose] checks to individuals with bank accounts at the . . . Credit Union in Groton, Connecticut, for the purpose of causing such checks to be negotiated"; (3) "Aine and the individuals negotiating the checks did not have authority to negotiate such checks or obtain the proceeds therefrom"; and (4) on December 7, 2006, Aine caused one such check in the amount of $4,272 to be negotiated at the Credit Union. Dec. 8, 2008 Plea Agreement at 8.

The government specifically referenced the stipulation of offense conduct during the plea proceeding and stated that

> if put to its burden of proof at trial [it] would call various witnesses . . . to testify basically that [Aine] received or stole checks, United States treasury checks, from the mail in New York, caused those checks to be brought . . . to the District of Connecticut, and caused those checks to be negotiated at the . . . Credit Union's branch in Groton, Connecticut by a number of individuals, and at the time that these checks were negotiated the payees of the checks had not authorized [Aine] or anyone else to negotiate the checks, and at the time that the checks were negotiated the . . . Credit Union was a federally insured credit union.

Plea Tr. at 40. The government further proffered that, with respect to the particular count to which Aine was pleading guilty, evidence would show that on December 7, 2006, Aine

4

caused a United States treasury check in the amount of $4,272 to be negotiated with knowledge that he did not have authority to do so. Shortly thereafter, Aine explicitly acknowledged the accuracy of the government's description of both the offense to which he intended to plead guilty and the terms of the plea agreement.

On this record, we conclude that the plea proceedings provided the district court with a sufficient factual basis to accept Aine's guilty plea to bank fraud. See United States v. Crisci, 273 F.3d at 240 (noting that "defendant's knowing negotiation of a bank check bearing a forged endorsement satisfies th[e bank fraud intent] requirement"). Accordingly, we discern no Rule 11(b)(3) error, much less plain error, in Aine's judgment of conviction.

b.      Consequences of Plea

Aine submits that his plea is invalid because the district court failed to explain that other acts of bank fraud not alleged in the count to which he was pleading guilty could be used to calculate his Sentencing Guidelines range pursuant to U.S.S.G. § 1B1.3. We are not persuaded.

As this court ruled in United States v. Andrades, 169 F.3d 131 (2d Cir. 1999), "there is no requirement in Rule 11 itself that defendants be advised of their potential punishments pursuant to the Sentencing Guidelines rather than the criminal statute, and we decline to create the requirement." Id. at 134; see United States v. Fernandez, 877 F.2d 1138, 1143 (2d Cir. 1989) (concluding district court "not required to calculate and explain the Guidelines sentence" to defendant "before accepting plea" because Rule 11 was satisfied "once [defendant] was informed of the possible consequences enumerated in the Rule"). As Aine

5

does not dispute that he was advised of the nature of the charge to which he was pleading guilty, any statutory maximum and minimum sentences, the court's authority to order restitution, and the advisory nature of the Sentencing Guidelines, see Fed. R. Crim. P. 11(b)(1)(H)-(I), (K), (M), we identify no error in the district court's failure further to advise him that conduct to which he was not pleading guilty could nevertheless be considered under U.S.S.G. § 1B1.3.[2]

c.   Dissatisfaction with Counsel and Inadequate Time

Aine argues that his dissatisfaction with trial counsel and the timing of his allocution rendered the plea involuntary. This argument is not supported by the record.

In the interim between jury selection and the start of trial, Aine requested a continuance and appointment of new counsel. On the morning of trial, the district court acknowledged receipt of Aine's request and granted a recess to permit Aine – with the assistance of a Haitian Creole interpreter – to consult with his counsel. When Aine indicated a need for more time to consult with his lawyer, the court ordered a second recess. Thereafter, when Aine reaffirmed his request for appointment of new counsel, the court explained to Aine the consequences of appointing new counsel after a jury had been impaneled. Nevertheless, the court arranged for Aine to consult with a private attorney

_____

[2] Although Aine submits that the district court's reference during his plea proceeding to the advisory nature of the Sentencing Guidelines was insufficient to satisfy the requirements of Fed. R. Crim. P. 11(b)(1)(M), he does not identify what more was required, nor do we identify any deficiency. Further, Aine does not argue that he would not have pleaded guilty if provided with more information. The challenge is therefore without merit.

6

("stand-by counsel") in anticipation of Aine persisting in his request for new counsel. When Aine did just that, the court held an <u>ex parte</u> conference with counsel of record, stand-by counsel, and Aine to explore the reasons for defendant's dissatisfaction. After stand-by counsel suggested that a fourth recess might resolve the case, the court adjourned for an additional two and one-half hours. At the conclusion of that recess, Aine informed the court that he wished to enter a guilty plea.

Before finding that Aine's plea was "voluntarily and intelligently made with the effective assistance of counsel," Plea Tr. at 53, the district court asked Aine whether he "had an adequate opportunity to discuss all of the matters[ – ] including the question of substitute counsel," the relevant charges, the plea agreement, and the potential penalty – with his counsel, and whether his attorneys had "answered every question [he] ha[d] asked," <u>id.</u> at 47-48. Aine answered these questions in the affirmative. The district court also asked Aine whether he (1) had "any additional questions [he] would like to ask [his attorneys] or . . . [the court]," (2) "need[ed] an opportunity to consider the question further," or (3) had been induced to plead guilty by any threat or any promise other than those contained in his plea agreement. <u>Id.</u> at 47-48. Aine answered these questions in the negative. Finally, in response to the district court's inquiry as to whether he was "satisfied with the legal representation [he had] received," Aine responded, "For today, yes." <u>Id.</u> at 48-49.

Given this colloquy, we identify no error, much less plain error, in the district court's conclusion that Aine's plea was knowing and voluntary. While Aine contends that he "had little choice" but to plead guilty, Appellant's Br. at 37, this assertion is contradicted by his

7

sworn allocution that his plea was voluntary and <u>not</u> motivated by any improper influence. To the extent Aine challenges his plea on the ground that it was "rushed and made during trial," <u>id.</u> at 36, this claim is also belied by the record. The district court afforded Aine numerous adjournments to consult with his lawyers and accepted Aine's plea only after confirming that defendant (1) had an adequate opportunity to consider his decision and (2) was satisfied with the legal representation received.[3] Because Aine's statements during his plea colloquy "carry a strong presumption of verity," <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977), and because Aine has offered nothing other than his own unsupported allegations to rebut that presumption, we reject his challenge on this point, <u>see, e.g.</u>, <u>United States v. Gonzalez</u>, 970 F.2d 1095, 1100-01 (2d Cir. 1992) (rejecting challenge to district court's failure to grant evidentiary hearing on motion to withdraw plea where basis of motion was defendant's own "unsupported allegations, which merely contradicted [his] earlier statements made under oath at his plea allocution").

2.    <u>Resentencing</u>

Aine argues, and the government concedes, that because certain statements by the district court at sentencing might appear to have been based on defendant's national origin and alien status, the sentence must be vacated. Reviewing this aspect of the sentence <u>de</u>

---

[3] Aine does not contend that his attorney's representation was constitutionally ineffective. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). His more general complaint of dissatisfaction with his attorney-client relationship is not enough to cast doubt on the validity of the guilty plea in this case. <u>See generally</u> <u>Morris v. Slappy</u>, 461 U.S. 1, 14 (1983) (holding that Sixth Amendment does not guarantee right to "meaningful relationship" with counsel (internal quotation marks omitted)).

novo, see United States v. Kaba, 480 F.3d 152, 156-57 (2d Cir. 2007), we agree that such a

conclusion is dictated by our precedent.[4]

At sentencing, the district court stated that it

> must . . . consider a sentence which deters others, and clearly, there are others in the Haitian community who, by the content of the docket in this case, and the presentations here today, are still engaging in illegal activity with impunity and without any appreciation for the illegality of that conduct, and the adverse effect that it has on the legitimate individuals around the world, seeking entry in the United States, in the right and legal way.

> These are the people we should be concerned about, the people who are going about it the right way, the people who cannot immigrate to the United States on a timely basis because our immigration system is weighted down by the weight of the illegal aliens who are here, and having weaved that tangled web, and deceived individuals as to their status, resort to illegal activity in order to stay here.

> It is those individuals, those law-abiding individuals, who attempt to come to this country legally who we should feel sorry for, and not those who are here illegally.

Sent'g Tr. at 83.

In United States v. Leung, we held that "a defendant's ethnicity or nationality" may

not legitimately "be taken into account in selecting a particular sentence to achieve the

general goal of deterrence."  40 F.3d 577, 586 (2d Cir. 1994); cf. United States v. Kaba, 480

F.3d at 156 (noting that "although reference to national origin and naturalized status is

---

[4] Although Aine has served the custodial portion of his sentence, his case is not moot, see United States v. Key, 602 F.3d 492, 494 (2d Cir. 2010), because there is a "possibility that the district court could impose a reduced term of supervised release" or modify the amount of restitution.  United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007) (holding appeal moot where no such possibility present); see United States v. Tran, 285 F.3d 934, 936 & n.1 (10th Cir. 2002) (concluding that appellate challenge to criminal sentence was not moot where defendant had not completed applicable term of supervised release and remained subject to court-ordered restitution).

9

permissible during sentencing, it is allowed only so long as it does not become the basis for determining the sentence" (alteration and internal quotation marks omitted)). Because "[w]e think there is a sufficient risk that a reasonable observer, hearing or reading the quoted remarks, might infer, however incorrectly, that [Aine's] ethnicity and alien status played a role in determining [his] sentence," we vacate the sentence and remand for resentencing.[5] United States v. Leung, 40 F.3d at 585-87 (remanding for resentencing where district judge stated that "[t]he purpose of my sentence here is to punish the defendant and to generally deter others, particularly others in the Asiatic community because this case received a certain amount of publicity in the Asiatic community, and I want the word to go out from this courtroom that we don't permit dealing in heroin"); see also United States v. Kaba, 480 F.3d at 155-56, 158 (remanding for resentencing where district judge stated that "it is entirely reasonable to assume that people from the Guinea community are going to say gee, do you hear what happened to [Kaba]? I don't want that to happen to me. I hope that has some effect here that will deter other people from that background from doing what you've done here . . . ." (alteration in original; internal quotation marks omitted)). While we are confident that the district judge could fairly sentence on remand, "the appearance of justice is better satisfied by assigning the resentencing to a different judge." United States v. Leung, 40 F.3d at 587; see United States v. Kaba, 480 F.3d at 159 (noting that where resentencing is required under Leung, "the better course is to remand to a different judge for re-sentencing as a matter

---

[5] In light of our decision to vacate the sentence and remand for resentencing, we do not reach the merits of Aine's challenge to the district court's restitution order. To the extent Aine invites us to limit the scope of resentencing to the non-incarceratory portions of his sentence, we decline to do so.

of course, irrespective of whether there was actual bias or reason to think that bias in th[e] particular case was perceived").

3.    Conclusion

We have considered Aine's remaining arguments on appeal and conclude that they lack merit.  For the foregoing reasons, we AFFIRM the district court's acceptance of Aine's plea, VACATE its sentence, and REMAND for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court