United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60616
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        v.

MARK MONROE GEESLIN, also known as Mark Sharp Geeslin,
also known as Arvin Sharp Geeslin,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
1:04cr110LG

_____

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        In May of 2001, Mark Monroe Geeslin used another man's last
name, driver's license, social security number and date of birth to
amass $112,660.94 of debt under various aliases.  On March 1, 2005,
Geeslin pled guilty to one count of identity theft in violation of
18 U.S.C. §§ 1028(a)(7) and (b)(1)(D).  Specifically, he used
another person's identity to open accounts with a wireless

_____

        [*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

telephone company, a cable television company, a power company, a medical center, and two doctors' offices. In calculating Geeslin's sentence, the district judge applied a two-level enhancement pursuant to § 2B1.1(b)(10)(C)(i) on the grounds that the offense involved "the unauthorized . . . use of another's means of identification unlawfully to produce or obtain any other means of identification." The court found that when Geeslin used the stolen social security number to open lines of credit at various businesses, the account numbers generated in the process became "means of identification" as contemplated by § 2B1.1(b)(10)(C)(i). Geeslin objected to this enhancement and argued that he used the documentation to obtain services—medical services, telephone services, cable services, etc.—not to produce new forms of identification. The court overruled the objection and, after tabulating all relevant sentencing factors, calculated a range of 33–41 months. The judge then sentenced Geeslin at the top of that range.

On appeal, Geeslin raises only a single issue. He asserts that services, such as medical, cable, telephone and power services, are not "means of identification" as that term is used in § 2B1.1(b)(10)(C)(i). Unfortunately for Geeslin, the definition of "means of identification" says otherwise.[1] 18 U.S.C. § 1028(d)(7)

---

[1]The application notes to § 2B1.1(b)(10)(C)(i) instruct us to give "means of identification" the meaning given to it in 18 U.S.C. § 1028(d)(7).

2

defines "means of identification" as "any name or number that may be used alone or in conjunction with any other information, to identify a specific individual."  Surely this includes a personal telephone number, which is among the many things that Geeslin fraudulently acquired.  Indeed, § 1028(d)(7) specifically includes "telecommunication identifying information or access device" as a "means of identification."[2]

We do agree with Geeslin that a telephone number is not the first thing that comes to mind when one uses the term "means of identification."  In fact, we have found no cases from any other circuit that have considered the application of § 2B1.1(b)(10)(C)(i) to a phone number or utility bill like those at issue here.  In the typical § 2B1.1(b)(10)(C)(i) case, a court will impose the enhancement because a defendant used false identification to secure a bank loan.  *E.g.*, *United States v. Radziszewski*, 474 F.3d 480 (7th Cir. 2007).  This scenario is expressly included in the Application Notes as an example of conduct to which subsection (b)(10)(C)(i) applies.  *See* U.S.S.G. § 2B1.1., cmt. n.9(C)(ii)(I).  In such a case, "the account number of the bank loan is the other means of identification that has been

_____

[2]When we pursue this definition even further, we find that 18 U.S.C. § 1029(e), which is specifically cross-referenced in § 1028(d)(7)(D), defines an "access device" to include a "mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier . . . ."  We believe this includes a functional cell phone and phone number.

obtained unlawfully." *Id.* This example assuages any lingering concerns we may have about classifying a phone number as a "means of identification." If the account number on a bank loan explicitly qualifies, then so does a phone a number. We might be more reluctant to reach the same conclusion about the account number on a cable or power bill alone,[3] but we are readily persuaded that use of false identification in the acquisition of a phone and phone number is deserving of a sentencing enhancement pursuant to § 2B1.1(b)(10)(C)(i).

The defendant's sentence is AFFIRMED.

---

[3]We also agree with the district court's observation that, had Geeslin used the identification only to get medical services, this would be a very different case, and probably not deserving of an enhancement. However, we find the phone number dispositive, and we may affirm on any basis fairly supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).