10-5088-cr
*United States v. Williams*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:

JOSÉ A. CABRANES,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

*Appellee,*

v.                                                              No. 10-5088-cr

AMY L. WILLIAMS,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | ELIZABETH D. MANN, Tepper Dardeck Levins and Gattos, LLP, Rutland, VT. |
| **FOR APPELLEE:** | JOSEPH R. PERELLA, Assistant United States Attorney (Tristram J. Coffin, United States Attorney, *on the brief*, Gregory L. Waples, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the District of Vermont, Burlington, VT. |

1

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

After pleading guilty to unlawfully gaining access to the telephone records of Drug Enforcement Administration ("DEA") Agents at the behest of Michael Olsen, whom she knew to be a drug trafficker, while she was an employee of a major telecommunications company, defendant-appellant Amy K. Williams ("Williams") was sentenced on November 22, 2010, to a so-called "split sentence" consisting of six months imprisonment combined with a four-month term of home detention. This sentence was at the bottom of the applicable Guidelines range of 10-16 months imprisonment. Williams now claims on appeal that this sentence is procedurally unreasonable, arguing that the District Court made a mistake in its calculation under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and rested its sentence on clearly erroneous findings of fact. We assume the parties' familiarity with the facts and procedural history of the case.[1]

We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see generally Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citation, punctuation, and quotation marks omitted)). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). With respect to procedural error, we have explained that

> [a] district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does

---

[1] The Government has suggested that Williams's appeal is moot because, as of November 10, 2011, the incarcerative portion of Williams's sentence had already been completed and she is now on supervised release. We have held that an "appellate challenge to a criminal sentence is 'rendered moot' when the defendant has been released from prison and where there is either no possibility or only a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand for resentencing." *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (internal quotation marks omitted). We do not believe that the possibility of the District Court reducing Williams's term of supervised release upon a remand is so remote and speculative a possibility as to render this appeal moot. On the contrary, the sentencing judge made clear on the record that he might be "amenable to reducing the second year of supervised release" if Williams successfully responded to her first year of supervision. Given the possibility that the supervised-release portion of Williams's sentence could be reduced if we were to remand for resentencing, we find that Williams has standing to pursue this appeal. However, as we find that the District Court made no error in sentencing, there will be no remand.

not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range.

*Id.* at 190 (citations and quotation marks omitted).

Williams argues, first, that the District Court committed procedural error by improperly imposing a two-level enhancement pursuant to U.S.S.G. § 3B1.3 for abusing a position of private trust. Section 3B1.3 authorizes a two-level enhancement "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The application notes to § 3B1.3 state that a position of "public or private trust" is "characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)." *Id.* § 3B1.3 cmt. n.1. Such positions "ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." *Id.* At the time of her offenses, Williams was employed as a Sales Coordinator at Sprint Nextel, a telecommunications company. It is not clear from the record to what degree Williams's position was "characterized by professional or managerial discretion," and we decline to reach this question because the record affords ample basis to affirm the enhancement on other grounds.

Application note 2 to § 3B1.3 states that "*[n]otwithstanding Application Note 1*, . . . an adjustment under [§ 3B1.3] shall apply to . . . [a] defendant who exceeds or abuses the authority of his or her position in order to obtain, transfer, or issue unlawfully, or use without authority, any means of identification." *Id.* § 3B1.3 cmt. n.2(B) (emphasis added). It is clear from the preamble to the application note that it is intended to apply to individuals who abuse the authority of their positions, "notwithstanding" the fact that these positions may not be characterized by professional or managerial discretion. *See id*; *see also, e.g., United States v. Abdelshafi*, 592 F.3d 602, 611 (4th Cir. 2010) ("unnecessary" to determine whether defendant's position was characterized by professional or managerial discretion where application note 2(B) applies). The definition of "means of identification" is taken from 18 U.S.C. § 1028(d)(7), and includes "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including . . . telecommunication identifying information or access device." "Telecommunication identifying information," in turn, is defined by 18 U.S.C. § 1029(e) as any "electronic serial number or *any other number* . . . that identifies a specific telecommunications instrument or account, or a specific communication transmitted from a telecommunications instrument." 18 U.S.C. § 1029(e)(11) (emphasis added).

Here, Williams pleaded guilty to obtaining telephone-call details associated with a specific phone number belonging to a DEA agent and providing the information gleaned from these call

details to Olsen, a known drug trafficker. Specifically, she showed Olsen call logs on her computer screen, which revealed the phone numbers that were in contact with a specific DEA Agent's phone. Williams's conduct enabled Olsen to identify the name of the DEA agent by dialing the number and hanging up after the Agent (or his voicemail system) answered. In other words, she exceeded and abused the authority of her position in order to obtain, transfer, and use, without authority, a means of identification. *See* U.S.S.G. § 3B1.3 cmt. n.2; *see also United States v. Geeslin*, 236 F. App'x 885, 886 (5th Cir. 2007) (unpublished summary order) (definition of "means of identification" "[s]urely . . . includes a personal telephone number."). Therefore, even assuming that it was error to find that Williams occupied a position of public or private trust (a conclusion we do not reach), the District Court did not abuse its discretion in applying a two-level enhancement under § 3B1.3.[2]

Williams separately argues that the District Court committed procedural error by basing its sentence on clearly erroneous findings of fact. Specifically, Williams faults the District Court for wrongly finding that she had provided Olsen with the names and locations of DEA agents. Though the District Court did erroneously state that Williams had provided the names and locations of DEA agents (as opposed to providing information from which Olsen could independently determine those details), this error was corrected by counsel for both Williams and the Government and the District Court explicitly stated that it did not bear on the sentence imposed. In short, given the broader context of the sentencing proceeding, the District Court did not "rest[] its sentence on" this misstatement, even if it was clearly erroneous. *See Cavera*, 550 F.3d at 190.

Finally, Williams faults the District Court for invoking the need for general deterrence under 18 U.S.C. § 3553(a)(2)(B) without citing social science studies or other empirical evidence to show that Williams's sentence would have a deterrent effect in the community. We are aware of no such requirement. Indeed, we have repeatedly held that a district court's weighing of the § 3553(a) factors is entitled to substantial deference. *See, e.g.*, *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006) ("The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."). Here, the District Court imposed a sentence of incarceration of six months, followed by four months home confinement and two years supervised release. We do not believe this sentence was unreasonable in light of the circumstances presented.

---

[2] Williams also argues that § 3B1.3 should not apply because an abuse of trust or skill is included in the base offense level for a violation of 18 U.S.C. § 1039(a)(4). However, § 1039(a)(4) does not require a finding that the defendant has abused a position of public or private trust. Therefore, the base offense level for this offense is not subsumed in § 3B1.3.

## CONCLUSION

We have considered all of Williams's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the sentence imposed by the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court