08-3218-cr
United States v. Key

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2009

(Argued April 20, 2010                                        Decided April 28 , 2010)

Docket No. 08-3218-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

ROGER KEY, also known as "Luchie,"

*Defendant-Appellant.*

Before MINER, CABRANES, and WESLEY, *Circuit Judges*.

Appeal from a June 13, 2008 order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*) denying a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Since the District Court entered its order, defendant has been released from prison. We hold that, even if we were to reverse the District Court's denial of defendant's motion for a reduction of sentence, the possibility that the District Court would, on remand, terminate defendant's supervised release under 18 U.S.C. § 3583(e)(1) is too "remote and speculative" to "satisf[y] the case-or-controversy requirement of Article III, Section 2 of the Constitution." *United States v. Williams*, 475 F.3d 468, 478-79 (2d Cir. 2007) (quotation marks omitted).

We therefore dismiss this appeal as moot.

COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., New York, New York, *for defendant-appellant.*

NICHOLAS J. LEWIN, Assistant United States Attorney (Lev L. Dassin, Acting United States Attorney, and Michael A. Levy, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the Southern District of New York, New York, New York, *for appellee.*

PER CURIAM:

We address here one circumstance in which an appellate challenge to a criminal sentence has been rendered moot by a defendant's release from custody. Defendant-appellant Roger Key ("defendant") appeals from a June 13, 2008 order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*) denying a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). We hold that, even if we were to reverse the District Court's denial of defendant's motion for a reduction of sentence, the possibility that the District Court would, on remand, terminate defendant's supervised release under 18 U.S.C. § 3583(e)(1) is too "remote and speculative" to "satisf[y] the case-or-controversy requirement of Article III, Section 2 of the Constitution." *United States v. Williams*, 475 F.3d 468, 478-79 (2d Cir. 2007) (quotation marks omitted).

## BACKGROUND

In 1997, defendant-appellant Roger Key was convicted in the United States District Court for the Southern District of New York (Denise Cote, *Judge*) of one count of violating 18 U.S.C. § 841(b)(1)(A) and § 846 by conspiring to distribute 50 grams or more of "crack cocaine." The District Court sentenced defendant principally to 135 months' imprisonment.

Following defendant's conviction, the United States Sentencing Commission instituted a two-level, retroactive reduction to the offense level of the United States Sentencing Guidelines (U.S.S.G.) for crimes relating to crack cocaine. *See generally United States v. Main*, 579 F.3d 200, 202 (2d Cir. 2009). Defendant then moved in the District Court for a reduction of his sentence under 18

U.S.C. § 3582(c)(2), which provides that a court "may" modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

After considering "the factors set forth in 18 U.S.C. § 3553(a) and public safety issues," as well as "the parties' submissions, the record before the Court at the time sentence was originally imposed, and the transcript of the sentencing proceeding," the District Court denied defendant's motion for a reduced sentence. Defendant filed a timely appeal of the District Court's June 13, 2008 order denying his motion.

While this appeal was pending, defendant was released from prison. He is currently serving a statutory minimum five-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(A).

## DISCUSSION

An appellate challenge to a criminal sentence is "rendered moot" when the defendant has been "release[d] from prison" and when there is either "no possibility" or only a "'remote and speculative'" possibility that "the district court could [or would] impose a reduced term of supervised release were we to remand for resentencing." *Williams*, 475 F.3d at 479 (quoting *United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006)).

The government argues that this appeal is moot because defendant has been released from prison and his five-year term of supervised release is the statutory minimum. According to the government, that leaves "no possibility" that the District Court could impose a reduced term of supervised release on remand. *See id.*

Defendant argues that the case is *not* moot because the District Court could, on remand, "terminate" his supervised release under 18 U.S.C. § 3583(e)(1). That statute provides that a District Court "may . . . terminate a term of supervised release . . . at any time after the expiration of one

3

year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant . . . and the interest of justice."  18 U.S.C. § 3583(e)(1).

We agree with the government that this appeal is moot.  Even if it were possible, on remand, for the District Court to terminate defendant's supervised release under 18 U.S.C. § 3583(e)(1), that possibility is too "remote and speculative" to "satisf[y] the case-or-controversy requirement of Article III, Section 2 of the Constitution."  *Williams*, 475 F.3d at 478-79 (quotation marks omitted); *accord Blackburn*, 461 F.3d at 262 (dismissing a challenge to a criminal sentence as moot where "[t]he record . . . reveals that the possibility of the district court's imposing a reduced term of supervised release on remand is so remote and speculative that any decision on the merits of [the defendant's] claim would amount to a 'declar[ation of] principles or rules of law which cannot affect the matter in issue in the case before [us]' and would thus run afoul of Article III's restriction of our power." (some alterations in original; citation omitted) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))).

To be eligible for termination of supervised release under 18 U.S.C. § 3583(e)(1), a defendant must establish that the termination "is warranted by" (1) "the conduct of the defendant" and (2) "the interest of justice."  Defendant has offered no account of how he would argue, on remand, that termination of his supervised release is warranted by his "conduct."  As for "the interest of justice," defendant observes that, under Application Note 4(b) of U.S.S.G. § 1B1.10, the District Court "may" consider the fact that his motion for a reduction of sentence is now moot as one possible factor in granting a motion for early termination of supervised release.  We conclude, however, that it is "extremely unlikely that the court *would* exercise its discretion in this way," *Blackburn*, 461 F.3d at 264, insofar as the District Court already determined that the factors set forth in 18 U.S.C. § 3553(a) did *not* call for a reduction in defendant's sentence under 18 U.S.C. § 3582(c)(2).  Put differently, even if we were to reverse the District Court's denial of defendant's motion for a reduction of his

4

sentence, we strongly doubt that the District Court would then exercise its discretion to terminate defendant's supervised release, given the District Court's stated reluctance to reduce defendant's term of imprisonment in the first instance.

At oral argument, defendant rightly acknowledged that an application to reduce the period of supervised release would be most effective if made toward the end of the supervision period. This makes sense as it would afford defendant additional time to show the court through his conduct that a reconsideration of the length of supervision period was in order. Of course, we are not called upon at this time to determine if the District Court could reduce a statutorily mandated minimum period of supervision.

In any event, "the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range . . . shall not, *without more*, provide a basis for early termination of supervised release." U.S.S.G. § 1B1.10 Application Note 4(b) (emphasis added). Here, defendant has not explained what "more" he would present on remand apart from his claim that he "served a longer term of imprisonment than [was] appropriate in view of the amended guideline range." *Id.* There is, therefore, no basis for us to conclude that defendant could present a meritorious motion for termination of supervised release on remand.

Accordingly, even if we were to reverse the District Court's denial of defendant's motion for a sentence reduction under 18 U.S.C. § 3583(e)(1), the possibility that the District Court would, on remand, terminate defendant's supervised release under 18 U.S.C. § 3583(e)(1) is too "remote and speculative" to "satisf[y] the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Williams*, 475 F.3d at 478-79 (quotation marks omitted). This appeal is therefore moot.

5

**CONCLUSION**

For the foregoing reasons, this appeal is **DISMISSED**.