18-1651
*United States v. Reed*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
        ROBERT A. KATZMANN,
          *Chief Judge*,
        JOSÉ A. CABRANES,
        SUSAN L. CARNEY,
          *Circuit Judges*.

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                      No. 18-1651

ALPHONSO BENTON,

        *Defendant,*

JASON REED,

        *Defendant-Appellant*.

For Defendant-Appellant:        Lisa A. Peebles, Melissa A. Tuohey, Federal Public Defender's Office, Syracuse, NY.

For Appellee:                                    Michael F. Perry and Carina H. Schoenberger,
                                                 Assistant United States Attorneys, *for* Grant
                                                 C. Jaquith, United States Attorney for the
                                                 Northern District of New York, Syracuse,
                                                 NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Jason Reed appeals a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) imposing a 12-month term of imprisonment following a violation of supervised release hearing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

During the course of this appeal, Reed completed his term of incarceration and was released from prison.[1] He is currently serving a 24-month term of supervised release. Once a prisoner is released, a challenge to the sentence is generally rendered moot. *See United States v. Williams*, 475 F.3d 468, 479 (2d Cir 2007). "An appellate challenge to a criminal sentence is rendered moot when the defendant has been released from prison and when there is either no possibility or only a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand for resentencing." *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (per curiam).[2]

---

[1] According to the parties and the Federal Bureau of Prisons website, Reed was released from federal prison on March 6, 2019.

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

2

On appeal, Reed challenges only the district court's imposition of a 12-month term of imprisonment. *See, e.g.*, Appellant Br. at 17. Reed now argues, in response to an Order issued by this Court on March 18, 2019, that the district court could reduce his term of supervised release and that, therefore, his release from federal prison does not render his appeal moot. *See* ECF No. 52. Reed is correct that we have declined to find an appeal of a sentence moot where there is evidence from the record below that a district court might be amenable to reducing a defendant's term of supervised release after he has completed his term of imprisonment. *See, e.g.*, *United States v. Mazza-Alaluf*, 621 F.3d 205, 213 (2d Cir. 2010). However, there is no such indication in Reed's case. Indeed, it's quite the opposite: At Reed's violation of supervised release hearing, the district court expressed frustration at Reed's repeated violations of his terms of supervision and reiterated the beneficial purposes of supervised release. App'x. 189–190. That the district court denied Reed's earlier request for early termination of his supervised release "without prejudice to the filing of a future request for such relief," App'x. 153, does not indicate that the district court—after later determining that Reed had violated his terms of supervised release and sentencing him to 12 months' imprisonment for those violations—would be amenable to such a request.

Because Reed has completed his term of imprisonment and has been released, and because we perceive only a trivial (at best) "possibility that the district court could or would impose a reduced term of supervised release were we to remand for sentencing," *Key*, 602 F.3d at 494, this appeal is moot.

For the foregoing reasons, and finding no merit in Reed's other arguments, we hereby **DISMISS** Reed's appeal as moot.

**FOR THE COURT:**
Catherine O'Hagan Wolfe, Clerk
