20-886-cr
*United States v. Hall*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-one.

PRESENT:    DENNY CHIN,
            MICHAEL H. PARK,
                    *Circuit Judges*,
            VICTOR A. BOLDEN,
                    *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v-                                             20-886-cr

CHADRICK HALL, AKA Sealed Defendant 1,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*       Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLEE:                        NI QIAN, Assistant United States Attorney
                                     (Danielle R. Sassoon, Assistant United States
                                     Attorney, *on the brief*), *for* Audrey Strauss,
                                     United States Attorney for the Southern
                                     District of New York, New York, New York.


FOR DEFENDANT-APPELLANT:              PATRICK J. JOYCE, Law Office of Patrick J.
                                     Joyce, New York, New York.


Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Defendant-Appellant Chadrick Hall appeals from a judgment entered March 3, 2020, following a jury trial, convicting him of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(c), 846.  On March 3, 2020, the district court sentenced Hall principally to 18 months' imprisonment and three years' supervised release.  On appeal, Hall challenges only the procedural reasonableness of his sentence, arguing that the district court erred by considering as relevant conduct his possession of 2.7 grams of crack cocaine and a firearm some weeks prior to his arrest for the offense of conviction.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

During the course of this appeal, Hall completed his term of incarceration and was released from prison on November 10, 2020. He is currently serving a three-year term of supervised release.

"A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the Constitution. In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Williams*, 475 F.3d 468, 478-79 (2d Cir. 2007) (internal quotation marks omitted).

"An appellate challenge to a criminal sentence is rendered moot when the defendant has been released from prison and when there is either no possibility or only a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand for resentencing." *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (internal quotation marks and alterations omitted).

Here, Hall has completed his term of imprisonment and has been released. Moreover, there is no possibility that the district court could or would impose a reduced term of supervised release upon remand, as the district court sentenced Hall to the statutory minimum of three years' supervised release. *See* 21 U.S.C. § 841(b)(1)(C). Consequently, this appeal is moot.

During oral argument, Hall argued for the first time that potential deportation proceedings based on his instant conviction amount to "an actual injury which is likely to be redressed by a favorable judicial decision." *Williams*, 475 F.3d at 479. He contends that if the district court were to resentence him to a lower term of imprisonment on remand, it could insulate him from mandatory removal. This argument is unavailing. Under federal immigration law, narcotics trafficking is an "aggravated felony" regardless of the imposed sentence, *see* 8 U.S.C. § 1101(a)(43)(B), and any alien convicted of an aggravated felony is not only deportable, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), but also ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3).

\* \* \*

For the foregoing reasons, we **DISMISS** the appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4