21-2673
*United States v. Hill*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-three.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                     No. 21-2673

MARVIN HILL,

> *Defendant-Appellant.*

_____

| For Defendant-Appellant: | Lisa A. Peebles, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, Federal Public Defender's Office, Syracuse, NY. |
|---|---|
| For Appellee: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Marvin Hill appeals from the district court's judgment imposing a twenty-one-month term of imprisonment with no term of supervised release, following his guilty plea to one count of escape from the custody of the Bureau of Prisons (the "BOP"), in violation of 18 U.S.C. § 751(a).  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Hill challenges only the substantive reasonableness of the twenty-one-month term of imprisonment imposed by the district court – a sentence that he completed on December 30, 2022.  *See* BOP Inmate Locator, http://www. bop.gov/inmateloc/ (last visited Feb. 7, 2023); App'x at 33 (providing Hill's BOP register number).

2

"Article III, Section 2 of the United States Constitution limits the federal judicial power to 'cases' and 'controversies.'" *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting U.S. Const. art. II, § 2). "So, as a general rule, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief . . . , we must dismiss the case." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021) (internal quotation marks omitted). Therefore, in a criminal proceeding, if "the only relief" that a defendant seeks is to reduce or vacate his sentence – and the defendant "has now completed that . . . sentence" – we must conclude that "the appeal is moot," since "neither we nor the district court can grant him the relief he is seeking." *Id.*

To be sure, "[i]n certain circumstances, an appeal challenging a criminal sentence will not be rendered moot when the defendant is released from prison so long as the defendant is still subject to a term of supervision." *Chestnut*, 989 F.3d at 224. More specifically, "[f]or a term of supervised release to preserve the presence of a live case or controversy, there must be more than a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand the matter." *Id.* at 225 (internal quotation marks omitted). But here, there is no "possibility that the district court

could . . . impose a *reduced* term of supervised release," since the district court did not impose *any* term of supervised release in the first instance.   *Id.* (emphasis added).   Therefore, because it would be "impossible for [us] to grant any effectual relief . . . to [Hill], we must dismiss the case."   *Id.* at 224; *see also United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("An appellate challenge to a criminal sentence is rendered moot when the defendant has been released from prison and when there is either no possibility or only a remote and speculative possibility that the district court . . . would impose a reduced term of supervised release." (internal quotation marks and alterations omitted)).

We have considered Hill's remaining arguments and find them to be without merit.   Accordingly, we **DISMISS** this appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4