21-3008-cr
United States v. Castillo

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      No. 21-3008-cr

JORGE CASTILLO, AKA Sealed Defendant 1,
AKA Jorge Alexis Castillo-Romero,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:                John L. Russo, J.L. Russo, P.C.,
Astoria, NY

FOR APPELLEE:                                     Daniel H. Wolf, Olga I. Zverovich, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part as moot.

Jorge Castillo appeals from a November 29, 2021 judgment of the United States District Court for the Southern District of New York (Woods, *J.*) convicting him of one count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341, 1349 and sentencing him principally to a term of imprisonment of 30 months.   Castillo challenges two of the District Court's evidentiary rulings and also argues that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

2

I.    Background

Castillo was employed as a delivery driver for United Parcel Service ("UPS"), which counted Sprint, a telecommunications company, among its clients. Other individuals sought to fraudulently obtain cellphones from Sprint by impersonating existing Sprint customers and ordering cellphones billed to those accounts to be sent to locations in upper Manhattan. In 2017, a Sprint investigator, James Patrick Goetz, identified a single phone number that appeared to be the source of many of these fraudulent orders. After identifying two fraudulent orders of iPhones from that phone number in December 2017 and April 2018, Goetz allowed the orders to proceed but directed that each shipment include an iPhone on which the "Find My iPhone" cellphone tracking program had been activated. Goetz used the program to track the iPhones to a location corresponding to Castillo's home address. Goetz also determined that Castillo had received over ten telephone calls from the suspect phone number on a day that Castillo had delivered a fraudulently ordered phone.

Sprint notified UPS about its investigation into Castillo. On May 31, 2019, when Castillo was scheduled to deliver additional orders of cellphones that had been identified as fraudulent, two UPS investigators observed Castillo reporting

3

packages as delivered when, in fact, they were still in his truck.   The

investigators confronted Castillo, who confessed to giving packages to

individuals with multiple different identifications in exchange for payments of

$100 or $200.   Castillo subsequently repeated his confession to the police.

At trial, Castillo maintained that his confession had been coerced and

coached, and that, as a native Spanish speaker, he did not understand the

English words that the UPS investigators had told him to say to the police.   The

jury convicted Castillo of conspiracy to commit mail fraud but acquitted him of

aggravated identity theft.

II.    The Find My iPhone Evidence

Castillo first challenges the District Court's decision to admit both (1)

Goetz's testimony concerning his use of the Find My iPhone program to locate

certain cellphones that had been fraudulently ordered and (2) screenshots

showing the phones' locations at certain times.   In support of his challenge,

Castillo points to Goetz's limited use of the Find My iPhone program, his failure

to corroborate the results of the program's application using "plotted locations in

the field," and his lack of familiarity with the program's performance in upper

Manhattan.   Appellant's Br. 34–35.

4

The parties dispute whether the "deferential abuse of discretion standard," *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015), or the "plain error standard" of review, *United States v. Simels*, 654 F.3d 161, 168 (2d Cir. 2011), applies to Castillo's claim here.   But under either standard, we reject Castillo's argument.   Federal Rule of Evidence 901, which governs the authentication of evidence, "does not erect a particularly high hurdle" to the admission of evidence.   *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (quotation marks omitted).   Evidence is admissible if its proponent produces "evidence sufficient to support a finding that the item is what the proponent claims it is," such as "[e]vidence describing a process or system and showing that it produces an accurate result."   Fed. R. Evid. 901(a), (b)(9).   "Rule 901's requirements are satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."   *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (quotation marks omitted).

Goetz laid a sufficient foundation to admit his testimony and the screenshots.   Goetz explained the nature of the Find My iPhone program and how it can be used to show the location of an iPhone.   He also explained that he had tested the application by using it on the tracked phones when they were in

5

his possession and again when they were held by a colleague in another office in a different state. Goetz further testified that he took screenshots of the map that showed the location of phones he was tracking. Goetz's testimony was sufficient for a reasonable juror to conclude that the screenshots that the Government introduced showed the location of the tracked phones at issue in this case. Castillo's arguments regarding the reliability of Find My iPhone in upper Manhattan relate only to the "persuasive force" of the evidence, and thus raise a question for the jury to decide. *Tin Yat Chin*, 371 F.3d at 38. We therefore affirm the District Court's decision to admit the Find My iPhone evidence.

III.    The Practices of UPS Drivers

Castillo also challenges the District Court's exclusion of evidence that he claims would have shown that UPS drivers routinely engaged in actions he undertook and that the Government portrayed as illegal conduct. The Government moved in limine to exclude the evidence, and the District Court granted the motion, reasoning that it was inadmissible evidence of prior good conduct and that the probative value of the evidence was outweighed by the

likelihood that it would cause jury confusion.

Even assuming that the District Court erred, we conclude that any error was harmless. First, the evidence of Castillo's guilt, including his confessions and the Find My iPhone screenshots, was overwhelming. Moreover, at trial, Castillo was able to testify that customers would commonly call and tip him, and that he occasionally met them at places other than the delivery address provided by UPS to deliver packages. Castillo's attorney referred to this testimony during closing statements. We can thus "conclude with fair assurance that" the exclusion of additional evidence showing the same common practices "did not substantially influence the jury." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009).

IV. <u>Castillo's Challenge to his Sentence</u>

Castillo challenges his 30-month term of imprisonment, contending that his sentence was both procedurally and substantively unreasonable. The Government argues that the challenge to the term of imprisonment is moot because Castillo has finished serving his custodial sentence and has been released. Notwithstanding Castillo's ongoing term of supervised release, we agree. *See United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010). We therefore

7

dismiss as moot Castillo's appeal insofar as it challenges his 30-month term of imprisonment.

We have considered Castillo's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court