23-6371 (L)
*United States v. Curry*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                          23-6371; 23-6376

KENNETH L. CURRY,

> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR APPELLEE: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, New York. |
| FOR DEFENDANT-APPELLANT: | Molly K. Corbett, Assistant Federal Public Defender, Office of the Federal Public Defender, Albany, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Defendant-Appellant Kenneth L. Curry appeals from the district court's judgment, entered on April 7, 2023, revoking his term of supervised release and sentencing him to sixteen months' imprisonment followed by a five-year term of supervised release. That initial supervision arose in connection with his conviction in 2008, pursuant to a guilty plea, to one count of failing to update his sex offender registration in violation of 18 U.S.C. § 2250(a). The instant revocation proceeding arose from Curry's guilty plea in state court in 2023 to Attempted Violation of the Sex Offender Registry Requirement.[1] Curry argues on appeal that (1) the district court committed procedural error by failing to adequately explain its reasons for imposing the sixteen-month sentence, and (2) the sixteen-month sentence was substantively unreasonable.[2] Curry did not challenge the length of his term of supervised release or its conditions in the district court, nor does he do so in this appeal. On May 9, 2024, while this appeal was pending, Curry completed the term of imprisonment and was released. He is currently under supervision, pursuant to the five-year term of supervised release. The parties submitted supplemental briefing addressing whether Curry's release from incarceration mooted his appeal. We assume the parties' familiarity with the

---

[1] After the submission of the violation petition to the district court by the United States Probation Office, the case was re-assigned to the Honorable Anne M. Nardacci.

[2] The district court determined that the recommended term of imprisonment under the policy statements in Chapter Seven of the United States Sentencing Guidelines was twenty-one to twenty-seven months' imprisonment based on the violation and a criminal history category of V1, *see* U.S.S.G. §§ 7B1.1 and 7B1.4, with a statutory maximum of twenty-four months' imprisonment pursuant to 18 U.S.C. § 3583(e)(3). Because Curry had already served an eighteen-month term of imprisonment on his state sentence for the sex offender registration offense, which was the subject of the supervised release violation, Curry requested a six-month term of imprisonment on the violation.

underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to dismiss the appeal as moot.

"In order to satisfy the case-or-controversy requirement [of Article III, Section 2], a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Williams*, 475 F.3d 468, 478–79 (2d Cir. 2007) (internal quotation marks and citations omitted). "[A]s a general rule, if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021) (internal quotation marks and citations omitted). Where a defendant challenging his sentence on appeal is subsequently released while his appeal is pending, the appeal may be mooted if "neither we nor the district court can grant him the relief he is seeking." *Id.* "In certain circumstances, an appeal challenging a criminal sentence will not be rendered moot when the defendant is released from prison so long as the defendant is still subject to a term of supervision." *Id.* However, we have emphasized that, "[f]or a term of supervised release to preserve the presence of a live case or controversy, there must be more than 'a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand' the matter." *Id.* at 225 (quoting *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010)); *see also United States v. Mazza-Alaluf*, 621 F.3d 205, 213 (2d Cir. 2010); *United States v. Blackburn*, 461 F.3d 259, 261–62 (2d Cir. 2006).

Nothing in this record suggests that the district court would impose a reduced supervised release term if we determined that the sixteen-month term of imprisonment was procedurally or substantively unreasonable and remanded for resentencing.[3] First, the district court could have

---

[3] We assume, without deciding, that the five-year mandatory minimum term of supervision that applied to Curry's original sentence did not apply to his revocation sentencing. *See United States v. Nelson*, 37 F.4th

imposed a supervised release term of up to life to follow the sixteen months' imprisonment. Indeed, the district court *had* imposed a life term of supervised release when it sentenced Curry in 2008 to a thirty-six-month term of imprisonment. During the course of Curry's supervision from 2011 until April 2019, his supervised release was revoked twice based principally on his failure to comply with state and federal sex offender registration requirements, and the district court reimposed life terms of supervised release to follow the resulting terms of imprisonment. Notwithstanding this history of violations, the district court imposed a much shorter five-year term of supervised release—the length of supervision Curry explicitly requested—in connection with his sentencing on this third violation and revocation. Second, when the district court explained its sentence, it stressed the importance of Curry complying with the alcohol abuse treatment special condition, given his "significant alcohol abuse history," and conveyed to Curry its hope to "see [him] break the cycle of violating [his] supervised release" conditions. App'x at 78. Thus, there was no indication at the sentencing that the length of Curry's supervision, which "fulfills rehabilitative ends, distinct from those served by incarceration," was linked, in any way, to the term of imprisonment he received. *United States v. Johnson*, 529 U.S. 53, 59 (2000). In short, Curry points to nothing in the record suggesting that the district court would alter its decision regarding the length of his term of supervision if it were required to resentence him based on this Court's determination that the term of imprisonment was procedurally or substantively unreasonable.

In his supplemental submission, Curry does not argue that this appeal is not moot because

962, 968 (4th Cir. 2022) ("Section 3583(k) provided a mandatory five-year term of supervised release at his *original* sentencing on his § 2250(a) offense. But that mandatory five-year term did not apply at his subsequent revocation sentencing governed by § 3583(h). Instead, § 3583(h) made supervised release discretionary, and imposed only one condition on any term of supervised release: that it 'not exceed' the lifetime term authorized by § 3583(k) at [the defendant's] original sentencing.").

the district court might impose a shorter term of supervised release at a resentencing should his appeal be successful, but rather contends that a finding by this Court that his term of imprisonment was procedurally or substantively unreasonable "would carry great weight in a motion brought under 18 U.S.C. § 3583(e) after a year under supervision to reduce Mr. Curry's term of supervision." Appellant's Supp. Letter at 2 (internal quotation marks and citation omitted). To be sure, a district court may weigh "equitable considerations" in deciding whether to reduce or terminate supervised release after one year of supervision. *See Johnson*, 529 U.S. at 60. However, there is only "a remote [or] speculative possibility," *Chestnut*, 989 F.3d at 225, that the district court would deem any decision by this Court that its sixteen-month, below-Guidelines term of imprisonment was unreasonable to be material to its determination on a potential future motion by Curry, after one year of supervision, to terminate or reduce his term of supervised release under Section 3583(e). *See United States v. Delee*, No. 23-6310, 2024 WL 1132154, at *1 (2d Cir. Mar. 15, 2024) (summary order) (holding that appeal challenging substantive reasonableness of prison term was moot once appellant was released from imprisonment, even though appellant "may certainly ask the District Court to reduce his term of supervised release" under § 3583(e)). That possibility is particularly remote given the district court's focus at sentencing, especially with respect to Curry's alcohol testing and treatment while on supervision, to "break[ing] the cycle" of violating his supervised release. App'x at 78. Thus, under these circumstances, we conclude that Curry's appeal is moot.

*                    *                    *

We have considered Curry's remaining jurisdictional arguments and find them to be without merit.  Accordingly, we **DISMISS** this appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court