*United States v. Castillo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                    24-687

CANDIDO CASTILLO,

> *Defendant-Appellant.* *

---

FOR APPELLEE:                          Michael F. Perry, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:               Danielle Neroni Reilly, Law Office of Danielle Neroni, Albany, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** as moot.

On November 9, 2023, Castillo pleaded guilty to one count of transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).   On March 4, 2024, the district court sentenced Castillo to 30 months' imprisonment to be followed by a three-year term of supervised release.   He was released from prison on September 20, 2024.   *See* https://www.bop.gov/inmateloc/ (last visited Feb. 3, 2025).   On appeal, Castillo argues that the district court procedurally erred in imposing an upward departure under U.S.S.G. § 4A1.3.   He makes no arguments concerning his term of supervised release.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Article III, Section 2 of the United States Constitution limits the federal judicial power to 'cases' and 'controversies.'"   *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting U.S. Const. art. III, § 2).   "This 'case-or-controversy limitation . . . underpins both our standing and our mootness jurisprudence.'"   *Id.* (quoting *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000)).   Generally, we must dismiss a case "if an event occurs during the course of the proceedings or on appeal 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'"   *Id.* (quoting *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005)).   A criminal defendant's sentencing challenge is "rendered moot when the defendant has been released from prison and when there is either no possibility or only

2

a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand for resentencing." *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (cleaned up).

Here, Castillo has been released from federal prison for over four months, and the possibility that the district court would impose a reduced term of supervised release is "remote, at best." *United States v. Chestnut*, 989 F.3d 222, 225 (2d Cir. 2021). During the sentencing proceedings, the district court repeatedly emphasized Castillo's "deeply troubling" criminal history. App'x at 81. The district court explained: "[Castillo] is a recidivist offender who, despite multiple[] terms of imprisonment and communit[y] supervision continues to engage in criminal [behavior] as evidenced by his past criminal history, which includes property-related offenses, obstructing conduct, violence and drug trafficking." *Id.* In imposing Castillo's sentence, the court highlighted the "likelihood that [Castillo] will commit further crimes" and the "need to afford adequate deterrence and protect the public." *Id.* at 82. The district court also reasoned that three years of supervised release would "help [Castillo] rehabilitate and re-enter society as a productive citizen." *Id.* at 86. In particular, the court "designed" three special conditions of supervised release to address Castillo's "history of illicit drug use, specifically, marijuana and cocaine," his history of "violent criminal conduct against domestic partners," and his "involvement in alien smuggling, [] extensive criminal history, and [] history of noncompliance on supervision." *Id.* at 83-86. More broadly, the district court hoped that Castillo would "take advantage" of the many programs available to him while on "supervised release with [the] U.S. Probation Office." *Id.* at 86. It is thus "only a remote and speculative possibility" that the district court would terminate or reduce the length of Castillo's term of supervised release. *Key*,

3

602 F.3d at 494 (cleaned up).

For the foregoing reasons, we **DISMISS** this appeal as moot. Furthermore, we have considered Castillo's arguments that the district court committed errors in fashioning his sentence and conclude that they are without merit. If the appeal were not moot, we would affirm the conviction and sentence in all respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court