24-985-cr (L)
United States v. Varieur

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
                RAYMOND J. LOHIER, JR.,
                RICHARD J. SULLIVAN,
                  *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                          Nos. 24-985-cr (L),
                                            24-2967-cr (CON)

JAMIE VARIEUR,

        *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Lucas Anderson, Rothman, Schneider, Soloway & Stern, LLP, New York, NY

FOR APPELLEE: Alexander Wentworth-Ping, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the April 5, 2024 judgment of the District Court is AFFIRMED, the appeal of the District Court's November 6, 2024 post-judgment order is DISMISSED as moot, and the cause is REMANDED.

Appellant Jamie Varieur appeals from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*) sentencing her to 364 days in prison and one year of supervised release, as well as a post-judgment order insofar as it denies her motion for a sentence modification under 18 U.S.C. § 3582(c)(2).  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

"The federal Assimilative Crimes Act [ACA] assimilates into federal law, and thereby makes applicable on federal enclaves . . . , certain criminal laws of the State in which the enclave is located." *Lewis v. United States*, 523 U.S. 155, 158 (1998). Varieur pleaded guilty to one count of Second-Degree Criminal Trespass under New York law, a federal crime under the ACA because it took place on property owned by the United States Department of Veterans Affairs. The District Court sentenced Varieur principally to three years of probation and imposed certain conditions of probation.

Sixteen months later, Varieur admitted to violating the conditions of her probationary sentence. Prior to her admission and sentencing on the violations, the United States Sentencing Commission had promulgated Amendments 821 and 825, which, respectively, eliminated "status points" for criminal defendants with six or fewer criminal history points and applied that change retroactively. At sentencing, neither the District Court nor Varieur mentioned these Amendments or their effect on her possible sentence. The District Court calculated that Varieur's recommended sentencing range of imprisonment was six to twelve months and sentenced Varieur to 364 days in prison followed by a one-year term of supervised release. Varieur timely appealed.

3

On appeal, Varieur moved in this Court to remand for resentencing to permit the District Court to apply Amendment 821. Varieur then also filed a motion directly in the District Court seeking an indicative ruling for a modification of her sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 821. When the District Court denied the motion, Varieur also appealed the denial. Varieur completed her term of imprisonment in December 2024.

## I. Mootness

Varieur first argues that the District Court erred when it denied her motion for a sentence modification under 18 U.S.C. § 3582(c)(2). When a defendant challenging her sentence has been released from prison while her appeal is pending, her challenge is moot even if she is still serving a term of supervised release, so long as there is "no possibility or only a remote and speculative possibility" that the district court would impose a reduced term of supervised release upon remand. *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (quotation marks omitted).

That is the case here. Varieur's motion under 18 U.S.C. § 3582(c)(2) was governed by U.S.S.G. § 1B1.10, *see United States v. Erskine*, 717 F.3d 131, 135 (2d Cir. 2013), which provides that when a court cannot reduce a term of

imprisonment for practical reasons, it may terminate a term of supervised release if permitted to do so under 18 U.S.C. § 3583(e)(1), *see* U.S.S.G. § 1B1.10 cmt. 8(B). Section 3583(e)(1) in turn authorizes a termination of supervised release only if the defendant has served more than one year of supervised release. 18 U.S.C. § 3583(e)(1). Varieur, who was sentenced to exactly one year of supervised release, is thus ineligible for a sentence modification under § 3583(e)(1). Her claim under Section 3582(c)(2) is therefore moot. *Key*, 602 F.3d at 494.

"When a case becomes moot on appeal, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." *Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) (cleaned up). Accordingly, we dismiss as moot Varieur's appeal of the District Court's order, vacate that order insofar as it denies her motion for a sentence modification under Section 3582(c)(2), and remand with instruction to dismiss as moot Varieur's motion under Section 3582(c)(2).

## II.    Ineffective Assistance of Counsel

Varieur next contends that she received ineffective assistance of counsel at her probation revocation sentencing because her lawyer (1) failed to draw the District Court's attention to Amendments 821 and 825 and to argue that the

Amendments reduced the Guidelines range for her original criminal trespass conviction and thus her revocation of probation, and (2) failed to argue that a one-year term of supervised release is not authorized under the ACA or New York law.[1]

We disagree. As to the first argument, a district court sentencing a defendant for a probation violation is neither "restricted by the original Sentencing Guidelines range applicable to his or her [underlying] crime" nor required to make a specific "departure therefrom." *United States v. Goffi*, 446 F.3d 319, 323 (2d Cir. 2006) (quotation marks omitted); *see also* U.S.S.G. § 7B1.3(b) ("[T]he applicable range of imprisonment [for probation violations] is that set forth in § 7B1.4."). Nor are we persuaded that Varieur's trial counsel should have informed the District Court that the Amendments lowered her criminal history category for purposes of U.S.S.G. § 7B1.4. "The criminal history category" relevant to sentencing for probation violations "is the category applicable at the time the defendant originally was sentenced to a term of

---

[1] Varieur's ineffective assistance claims, by contrast, are not moot, since we could in principle remand for plenary resentencing if we find that they are meritorious. *See Pepper v. United States*, 562 U.S. 476, 507 (2011). We conclude that we can resolve Varieur's ineffective assistance claims on this direct appeal on the present record. *See United States v. Ortiz*, 100 F.4th 112, 118 (2d Cir. 2024).

6

supervision."  U.S.S.G. § 7B1.4(a) n.*; *see also United States v. Leon*, 663 F.3d 552, 554 (2d Cir. 2011).  We have not yet addressed whether Amendment 821 reduces a defendant's criminal history category during a probation revocation proceeding.  We cannot conclude that Varieur's trial counsel was ineffective for failing to raise an "open question, one not yet squarely decided either by [the Supreme Court] or this Circuit."  *Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008).

Finally, we reject Varieur's argument that her lawyer provided ineffective assistance by failing to argue that the District Court was prohibited from imposing a one-year term of supervised release based on an ACA conviction for criminal trespass under New York law.  As relevant here, Varieur was sentenced after violating the conditions of her probation, not for her underlying ACA crime.  After revoking Varieur's probation and imposing a term of imprisonment, the District Court was clearly also entitled to impose a term of supervised release.  *See* U.S.S.G. § 7B1.3(g)(1).  This Court has not even addressed whether supervised release remains available as part of a sentence for a conviction under the ACA when it is not otherwise contemplated by state law. Accordingly, Varieur has not demonstrated, "from [her] attorney's perspective at

the time, that it was objectively unreasonable not to" raise the argument at sentencing. *Parisi*, 529 F.3d at 141.

We have considered Varieur's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED, the appeal of the District Court's post-judgment order is DISMISSED as moot, the order is VACATED insofar as it denies her motion under Section 3582(c)(2), and the cause is REMANDED with instructions to dismiss Varieur's motion as moot, consistent with this order.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court