23-6664-cr
*United States v. Washington*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty five.

PRESENT:    GERARD E. LYNCH,
            SUSAN L. CARNEY,
            STEVEN J. MENASHI,
                 *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

         *Appellee,*

    v.                                            No. 23-6664-cr

SHYMERE WASHINGTON,

         *Defendant-Appellant.*

_____

*For Appellee*:                    Monica J. Richards, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

*For Defendant-Appellant:*         Peter J. Tomao, Esq., Garden City, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Shymere Washington was convicted, following a guilty plea, of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Washington to thirty-seven months of imprisonment, to be followed by three years of supervised release. It also imposed three special conditions of supervised release requiring him to (1) participate in a substance abuse program, (2) participate in a mental health treatment program, and (3) submit to searches of his person, property, vehicle, place of residence, and any other property under his control based on reasonable suspicion.

On appeal, Washington argues that the district court erred by accepting his guilty plea because § 922(g)(1) is facially unconstitutional under the Second Amendment as interpreted in *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He additionally argues that the district court erred by failing to explain its rationale for imposing the special conditions of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

2

## I

When, as in this case, a defendant does not raise a claim of error before the district court, we review for plain error. *See United States v. Dussard*, 967 F.3d 149, 155 (2d Cir. 2020). "There are four prongs of plain error analysis: (1) there must be an error; (2) the error must be plain, meaning it must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected the appellant's substantial rights in that it affected the outcome of the proceedings; and (4) if these other three prongs are satisfied, the court of appeals has the discretion to remedy the error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Ortiz*, 100 F.4th 112, 120 n.3 (2d Cir. 2024) (internal quotation marks omitted).

The district court did not plainly err by accepting Washington's guilty plea. Before *Bruen*, this court held "that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." *United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013). Since then, the court has confirmed that "[o]ur holding in *Bogle* survives *Bruen*." *Zherka v. Bondi*, 140 F.4th 68, 75 (2d Cir. 2025). Accordingly, we reject Washington's argument that § 922(g)(1) is facially unconstitutional and we affirm the judgment of conviction.

## II

According to the online inmate locator of the Federal Bureau of Prisons, Washington was released from federal custody on February 21, 2025. We nevertheless address his challenge to the special conditions of supervised release, which became effective on the date of his release from federal custody, because his argument implicates the "possibility that the district court could or would impose a reduced term of supervised release were we to remand." *United States v. Chestnut*, 989 F.3d 222, 225 (2d Cir. 2021) (quoting *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010)).

3

Although we generally "review the imposition of conditions of supervised release for abuse of discretion," *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019), we review for plain error when the defendant did not object contemporaneously to the imposition, *see United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). When imposing a special condition of supervised release, "the court is required to make findings specific to the defendant, connecting those findings to the applicable § 3553(a) factors that would justify including the special condition in []his case." *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024).

The district court did not plainly err by imposing special conditions that require Washington to participate in a substance abuse program and a mental health treatment program and to submit to reasonable searches. Washington argues that "the district court failed to adequately explain its rationale for imposing the discretionary conditions and its basis for doing so is not self-evident in the record." Appellant's Br. 29 (internal quotation marks omitted). We reject this argument because "it overlooks that the district court adopted the … condition[s] from the PSR." *United States v. Lawrence*, 139 F.4th 115, 123-24 (2d Cir. 2025). The district court stated that "[t]he probation officer made three recommendations for special conditions of supervised release" and that the district court "adopt[s] all three of them in the language recommended." App'x 69. "When a court adopts recommendations in the PSR, it satisfies its obligation to make findings as long as the PSR 'state[s] enough facts to permit meaningful appellate review.'" *Lawrence*, 139 F.4th at 124 (quoting *United States v. Rainford*, 110 F.4th 455, 476 (2d Cir. 2024)).

The PSR described Washington's criminal history, mental health symptoms, and substance abuse. "[T]he district court directed the parties' attention to the special conditions recommended in the PSR, 'effectively incorporating them by reference.'" *Id.* (quoting *United States v. Arguedas*, 134 F.4th 54, 69 (2d Cir. 2025)). "That satisfied the district court's obligation to make an individualized assessment and state on the record the reason for imposing" the conditions. *Id.*

Washington argues that the mental health treatment and search conditions "in the written judgment varied significantly from what the sentencing judge said in open court." Appellant's Br. 30; *see also id.* at 34-37. But the district court expressly adopted the PSR's proposed special conditions "in the language recommended," App'x 69, and the conditions in the PSR are identical to those contained in the district court's written judgment, *compare id.* at 79, *with* PSR 14.

\* \* \*

We have considered Washington's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court