**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6432**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TYRONE A. DAVIS,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:21-cr-00100-DJN-1)

Argued:  March 19, 2025                                            Decided:  June 2, 2026

Before THACKER, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed by published opinion.  Judge Rushing wrote the opinion, in which Judge Thacker and Judge Richardson joined.

**ARGUED:**  Cameron Scott Davis, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Morgantown, West Virginia, for Appellant.  James Reed Sawyers, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Lawrence D. Rosenberg, JONES DAY, Washington, D.C., for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Vetan Kapoor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

RUSHING, Circuit Judge:

Congress has authorized district courts to "reduce the term of imprisonment" of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Appellant Tyrone Davis asked the district court to reduce his term of imprisonment pursuant to a retroactive Sentencing Guidelines amendment that undisputedly would have lowered his advisory sentencing range. The district court denied the motion based on its evaluation of the 18 U.S.C. § 3553(a) sentencing factors and Davis's conduct in prison. Davis timely appealed, and we affirmed. *See United States v. Davis*, ___ F.4th ___, 2026 WL 1291531 (4th Cir. May 12, 2026). The parties then informed us that while the appeal was pending, Davis had completed his term of imprisonment and been released.

"To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review . . . ." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted); *see Hirschfeld v. ATF*, 14 F.4th 322, 325 (4th Cir. 2021). If factual circumstances change while a case is pending such that the Court's opinion "on the merits of a case . . . would have no practical effect on the outcome of the matter," then the case is moot and we "may not opine on the merits." *Holloway v. City of Va. Beach*, 42 F.4th 266, 275 (4th Cir. 2022) (internal quotation marks omitted); *see United States v. Hardy*, 545 F.3d 280, 285 (4th Cir. 2008) ("[G]iven [appellant's] release from prison, there is no wrong to remedy and an appeal should be dismissed when, by virtue of

2

an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." (internal quotation marks and ellipses omitted)).

Davis was released from federal custody shortly before we issued our opinion, and his release mooted this case. Section 3582(c)(2) authorizes a court only to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2). Since Davis is no longer serving a term of imprisonment, there is no term which could be reduced, even if we agreed with him on the merits.[*] *See United States v. Smith*, 671 Fed. App. 56, 56 (4th Cir. 2016) (per curiam); *United States v. Mitchell*, 420 Fed. App. 296, 297 (4th Cir. 2011) (per curiam); *United States v. Booker*, 382 Fed. App. 267, 267 (4th Cir. 2010) (per curiam); *United States v. Turner*, 326 Fed. App. 253, 253 (4th Cir. 2009) (per curiam); *see also United States v. Key*, 602 F.3d 492, 494–495 (2d Cir. 2010). Our opinion on his Section 3582(c)(2) motion "would have no practical effect on the outcome of the matter." *Holloway*, 42 F.4th at 275 (internal quotation marks omitted). Accordingly, as of the date Davis was released, this case became moot and we lacked jurisdiction to opine on the merits. We therefore vacate our original opinion and judgment and dismiss this appeal.

*OPINION AND JUDGMENT VACATED;*
*APPEAL DISMISSED*

---

[*] Any request for early termination of supervised release must be pursued by a motion under 18 U.S.C. § 3583(e)(1). *See United States v. Smith*, 671 Fed. App. 56, 56 (4th Cir. 2016) (per curiam) (citing *United States v. Booker*, 645 F.3d 328 (5th Cir. 2011) (per curiam)).